United States Courts
Southern District of Texas
F I L E D

AUG 14 2023

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ITZEL JUAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **4:23-cv-2986** |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| | ) Complaint and Demand for |
| Defendant. | ) Jury Trial |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ITZEL JUAREZ as and for her Complaint respectfully alleges as follows:

### I.   INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory, and punitive money damages against Defendant EQUIFAX INFORMATION SERVICES, LLC, ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in the city of Spring, Harris County, Texas, and the conduct complained of occurred in Spring, Texas.

1

## III. PARTIES

3. Plaintiff is a natural person residing in the City of Spring, Harris County, Texas.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Texas.

## IV. FACTS OF THE COMPLAINT

6. On January 13, 2023, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate and false information on Account Numbers 516648721635**** with TBOM/CONTFIN.

7. On January 23, 2023, Plaintiff contacted Equifax via certified mail to dispute the completeness and accuracy of the trade lines reported in her consumer report. Plaintiff informed Defendant that the trade line was inaccurate and should therefore be deleted from her consumer report.

8. The following are inaccurate information in Plaintiff's consumer report: 516648721635**** with TBOM/CONTFIN - a date of last payment of January 1, 2023 was reported but in the Payment History the date of last payment shown was December 2022. Additionally, a balance of $514 was reported but the high credit was $0 which is lower than the balance.

9. On February 8, 2023, Plaintiff applied for a home loan with First United Bank and Trust Company and was denied based on information being reported by Equifax.

10. Upon information and belief, Plaintiff was informed via the reinvestigation results that the accounts were verified and accurate on February 10, 2023.

11. Despite Plaintiff's dispute to Equifax informing them of the inaccuracies, Defendant Equifax continued to report the tradelines from approximately January 2023 through June 2023.

12. Defendant Equifax's publishing of such inaccurate information has severely damaged the personal and credit reputation of Plaintiff. It also lowered her FICO scores resulting in her being denied credit and has caused severe humiliation, emotional distress, and mental anguish.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681i(a)(1)(A)
## (Defendant Equifax)

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above.

14. Defendant has violated 15 U.S.C. § 1681i(a)(1)(A) in that they failed to conduct a reasonable reinvestigation on the trade line items that are furnished to the Consumer Reporting Agencies.

15. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

16. Defendant's conduct was negligent and/or willful.

3

17. Plaintiff is entitled to actual damages, punitive damages, and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

18. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendant Equifax)

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above.

20. Defendant Equifax violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the trade line information when preparing a consumer report purportedly concerning Plaintiff.

21. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

22. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

23. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendant Equifax)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above.

4

25. Defendant Equifax has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

26. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

27. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

28. Defendant Equifax has done so either negligently or willfully.

29. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

30. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VIII. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(4)
## (Defendant Equifax)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above.

32. Defendant Equifax has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

33. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

34. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

35. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(5)
## (Defendant Equifax)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 above.

37. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the tradeline on Plaintiff's consumer report, and (ii) failed to find it to be inaccurate.

38. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the recurrence of inaccurate or unverifiable information.

39. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

40. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

41. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(6)(B)(iii)
## (Defendant Equifax)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1-41 above.

6

43. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

44. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

45. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

46. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Equifax)

47. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-46 above.

48. Defendant Equifax has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

49. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

50. Defendant Equifax acted negligently and/or willfully.

51. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

C. Demand amount of $9,5000.00.

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 8, 2023    By: _____
ITZEL JUAREZ
24834 Butterwick Dr,
Spring, TX 77389
(623) 980-1670
lovelyitzl95@gmail.com
*Pro se*

8